UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD DRIGGERS,

   Plaintiff,

-vs-

AT&T CORP. and RECEIVABLES
PERFORMANCE MANAGEMENT,
LLC,

   Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Chad Driggers (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, AT&T Corp. (hereinafter "AT&T"), and Receivables Performance Management, LLC (hereinafter "RPM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq.*

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq.* ("FCCPA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, TransUnion, and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like AT&T and RPM.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

5. The jurisdiction for this Court is conferred by 15 U.S.C. §1681p, 28 U.S.C. §1331, and 28 U.S.C. §1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

7. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

8. The Plaintiff is a natural person and resident of the State of Florida, residing in Volusia County, Florida.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

10. Plaintiff is a "consumer" as defined in Fla. Stat. §559.55(8), as he is a national person allegedly obligated to pay a debt.

11. Upon information and belief, AT&T is a corporation incorporated under the laws of the State of New York, whose headquarters are located in the State of New Jersey, and authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Rd., Plantation, Florida, 33324.

12. AT&T is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

13. AT&T is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

14. Upon information and belief, RPM is a limited liability company under the laws of the State of Washington, whose headquarters are located in the State of Washington, and authorized to do business in the State of Florida through

its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

15. RPM is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

16. RPM is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

17. RPM is a "debt collector" as defined in 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

18. In or around November of 2019 Plaintiff received a phone call from RPM alleging that he had a debt which they were attempting to collect.

19. Plaintiff was informed on this call that the alleged debt was in relation to a previous AT&T account (the account was for DirecTV, satellite television services, which is wholly owned by AT&T) that Plaintiff had paid off and closed in or about July 2019.

20. Plaintiff informed RPM that this account was paid off and should not have been sent to collections as Plaintiff did not owe any balance on this account.

21. Plaintiff further provided proof of this by going to the AT&T store where he had originally purchased the service and equipment and spoke with the store manager.

22. The store manager confirmed that this account had no balance and that all equipment had been returned upon closing the account.

23. Plaintiff later discovered that a RPM account, with an outstanding balance of Two Hundred Twenty and 00/100 ($220.00) Dollars, had appeared on his credit report.

24. The RPM account was purported to be a collections account for the AT&T account that Plaintiff did not owe.

25. Plaintiff then disputed this accounts accuracy with Trans Union, where he first recognized the RPM account.

26. Upon information and belief, Trans Union submitted a copy of Plaintiff's dispute to RPM.

27. In response to the dispute, RPM verified to Trans Union that Plaintiff did owe the debt.

28. This is was in spite of the documentation that Plaintiff sent with the dispute where AT&T acknowledged that Plaintiff did not owe a debt to them.

29. Despite the confirmed inaccuracy, RPM continued to allege that Plaintiff was responsible for this debt.

30. Upon information and belief, RPM has not met the requirement to conduct a full investigation into the disputed account, as required by 15 U.S.C. §1681s-2.

31. RPM failed to report the proper information in regards to Plaintiff's account, despite having been given ample notice of this error.

32. Eventually in December of 2020, RPM stopped reporting the tradeline to Trans Union.

33. However, it became clear that the reason that RPM stopped attempting to collect the debt is because AT&T sent the debt to a new debt collector.

34. AT&T is submitting this false debt to various debt collectors, hoping one of them will be able to collect.

35. AT&T has direct knowledge in their possession that Plaintiff does not owe this debt.

36. As a result of this conduct, action and inaction of AT&T and RPM Plaintiff suffered damage by:

    i. Loss of credit;

    ii. Loss of the ability to purchase and benefit from credit;

    iii. Mental and emotional pain stemming from the anguish, humiliation.

37. All conditions precedent to the filing of this action have occurred.

## COUNT I
## Violation of the FDCPA by Defendant,
## Receivables Performance Management, LLC

38. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37), including subparts, as if fully set forth herein.

39. At all times relevant to this action, RPM was subject to and required to abide by 15 U.S.C. §1692 *et seq.*

40. RPM violated 15 U.S.C. §§1692e(2)(a), 1692e(8) and 1692e(10) by falsely representing the character, amount, or legal status of a debt, and by communicating to any person credit information which is known, or which should be known, to be false, all in an attempt to collect a debt.

41. RPM violated 15 U.S.C. §§1692c(b) by communicating with a third party in an attempt to collect a debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Receivables Performance Management, LLC., for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## Violation of the FCCPA by Defendant,
## Receivables Performance Management, LLC

42. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37), including subparts, as if fully set forth herein.

43. At all times relevant to this action, RPM is subject to and must abide by the laws of the State of Florida, including, without limitation, Fla. Stat. §559.72.

44. RPM violated Fla. Stat. §559.72(5) by disclosing to a person other than the debtor, or her or his family, information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

45. RPM violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

46. RPM violated Fla. Stat. §559.72(7) by willfully communicating with the debtor, or any member of her or his family, with such frequency as can reasonably be expected to harass the debtor, or her or his family, and/or by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. RPM violated Fla. Stat. §559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or by asserting the existence of some other legal right when such person knows that the right does not exist.

48. RPM's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Receivables Performance Management, LLC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### Violation of the FCRA by Defendant, Receivables Performance Management, LLC

49. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37), including subparts, as if fully set forth herein.

50. RPM violated 15 U.S.C. §1681s-2 by failing to conduct a proper investigation into the accuracy of the information being reported, even after they were made aware of its inaccuracy by Plaintiff.

51. RPM's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

52. The Plaintiff is entitled to recover costs and attorney's fees from RPM in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, the Plaintiff demands judgment and compensatory and punitive damages against Receivables Performance Management, LLC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT IV
### Violation of the FCCPA by Defendant, AT&T Corp.

53. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37), including subparts, as if fully set forth herein.

54. At all times relevant to this action, AT&T is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. §559.72.

55. AT&T violated Fla. Stat. §559.72(5) by disclosing to a person other than the debtor, or her or his family, information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

56. AT&T violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

57. AT&T violated Fla. Stat. §559.72(7) by willfully communicating with the debtor, or any member of her or his family, with such frequency as can reasonably be expected to harass the debtor, or her or his family, and/or by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor, or any member of her or his family.

58. AT&T violated Fla. Stat. §559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or by assert the existence of some other legal right when such person knows that the right does not exist.

59. AT&T's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, AT&T CORP., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

                            Respectfully submitted,

                            ***/s/ Jason R. Derry***
Jason R. Derry
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
eshillinglaw@ForThePeople.com
smcgee@ForThePeople.com
*Attorney for Plaintiff*